Date Signed:
March 5, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>SAMUEL ST. JAMES, et al.,<br><br>Debtors. | Case No. 13-00138<br>Chapter 13<br><br>Re: Docket No. 74 |

### MEMORANDUM OF DECISION REGARDING DEBTOR'S MOTION FOR STAY PENDING APPEAL

One of the debtors, Samuel St. James, seeks a stay pending appeal of the order granting the secured creditor, U.S. Bank, N.A., relief from the automatic stay. Because I find that the debtor has not proven all the elements under Federal Rule of Bankruptcy Procedure 8005 and the Ninth Circuit's standard for a preliminary injunction, I will DENY the motion for stay of the order pending appeal.

**I.     Facts**

In April 2005, the debtor borrowed $417,000.00 from Washington Mutual

Bank to purchase property in California. He executed a promissory note and a deed of trust encumbering the property to secure his debt. U.S. Bank is the successor-in-interest to Washington Mutual. At one of the hearings on the motion for relief from the automatic stay, U.S. Bank showed the debtor's attorney the original note and allonges affixed to it entitling U.S. Bank to payment.

On December 2, 2013, I granted U.S. Bank's motion for relief from the automatic stay.

On January 10, 2014, the debtor moved for a stay of that order pending his appeal of the order to the Bankruptcy Appellate Panel.

At the hearing on the motion for stay pending appeal on February 7, 2014, the debtor requested permission to bring another case to my attention. I granted him leave to file a supplemental brief and I allowed U.S. Bank to respond.

**II. Standard**

Rule 8005 allows the court to grant a stay pending appeal.[1] Most courts apply the injunctive relief standard.[2] That standard requires that the moving party prove that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of

---

[1] Fed. R. Bankr. P. 8005.

[2] 10-8005 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 8005.08 (16th ed. 2013).

2

U.S. Bankruptcy Court - Hawaii   #13-00138   Dkt # 101   Filed 03/05/14   Page 2 of 7

equities tips in his favor; and (4) that an injunction is in the public interest.³ The moving party must prove all four prongs.

## III. Discussion

In his motion, the debtor makes a number of substantive arguments regarding U.S. Bank's right to collect on the note and foreclose the property. These arguments apparently go to the first prong of the standard for a stay pending appeal. The debtor has not addressed the other three elements. There is no basis for a stay pending appeal.

**A.    Success on the Merits**

The debtor has not proven that he is likely to win on appeal.

**1.    Standing**

U.S. Bank has standing to enforce the note.

A "person entitled to enforce" a promissory note under Article 3 of the UCC has standing to sue on the note.⁴ The UCC defines "a person entitled to enforce" a note as "the holder of the instrument."⁵ A "holder" is the person in possession of a

---

³ *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239 (9th Cir. 2013).

⁴ *Veal v. Am. Home Mortgage Servicing, Inc. (In re Veal)*, 450 B.R. 897, 911-12 (9th Cir. BAP 2011).

⁵ Haw. Rev. Stat. § 490:3-301.

U.S. Bankruptcy Court - Hawaii   #13-00138   Dkt # 101   Filed 03/05/14   Page 3 of 7

promissory note payable either to the bearer or the person in possession of the note.[6]

At one of the hearings on the motion for relief from stay, U.S. Bank showed the debtor's former attorney the note and allonges affixed to it entitling U.S. Bank to enforce the note. The debtor's attorney stated on the record that he was satisfied that the bank had standing to enforce the note. Neither party disputes this.

In his supplemental memorandum, the debtor makes arguments based on a "pooling and servicing agreement" and a series of mortgage assignments. These arguments are largely incomprehensible. They seem to turn on the contention that the debtor's deed of trust was not properly transferred to U.S. Bank. Even if this is true, it is probably irrelevant, because the security follows the obligation. The holder of a note, such as U.S. Bank, is entitled to the benefit of any collateral for the note, and when a note is transferred, no separate transfer of the collateral is required. In any event, the order for relief from stay did not adjudicate this issue, so the debtor's rights and claims were unaffected.

### 2. Alleged Loan Modification Misconduct

The debtor argues that U.S. Bank or its predecessors defrauded him in connection with his attempts to obtain a modification of his mortgage obligation.

---

[6] Haw. Rev. Stat. § 490:1-201.

4

U.S. Bankruptcy Court - Hawaii   #13-00138   Dkt # 101   Filed  03/05/14   Page 4 of 7

None of these arguments is persuasive.

The order granting relief from the stay did not adjudicate the debtor's or U.S. Bank's claims or defenses. It simply means that another forum will adjudicate the parties' disputes. Even if all of the debtor's allegations of misconduct are true, it was still correct to grant relief from the stay so that another forum with jurisdiction could address those allegations.

Further, the debtor's allegations of misconduct are not particularly persuasive. His evidence of misconduct consists mostly of a complaint filed by the the federal and state governments against several large mortgage lenders and servicers and a consent judgment entered in that case. (The debtor did not provide a copy of the complaint or consent judgment or a full citation to either document, so I am relying on his descriptions of those documents.) Significantly, U.S. Bank is not a party to that case. The complaint and consent judgment do not prove that U.S. Bank did anything wrong.

Finally, the debtor has made similar claims in state and federal court in California, but those courts have dismissed his cases.

### 3. Mortgage Insurance

The debtor argues that his note was satisfied by a payment from a mortgage insurer. The debtor has offered no evidence that a mortgage insurer actually made

5

U.S. Bankruptcy Court - Hawaii    #13-00138    Dkt # 101    Filed 03/05/14    Page 5 of 7

any payments. Even if it had, the debtor has not proven that such payment would give the debtor a defense. The deed of trust states that "Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance." In other words, the mortgage interest protects the lender, not the borrower. If the mortgage insurer pays the lender, the mortgage insurer is presumably subrogated to the lender's rights against the borrower. Thus, if a mortgage insurer has in fact paid U.S. Bank (or its predecessor), the only effect on the debtor would be that he owes the debt to the mortgage insurer rather than to U.S. Bank.

### 4. Cause

There was "cause" to grant relief from stay. The court has discretion to grant relief from the stay for cause.[7] "Cause" is determined on a case by case basis.[8] Here, the debtor was delinquent on his mortgage payments, and he did not make any proposal to catch up on his arrears. This was cause to lift the stay.

In summary, there is little chance that the debtor will be able to convince the appellate court that the order lifting the stay was wrong.

---

[7] 11 U.S.C. § 362(d)(1); *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986).

[8] *Castlerock*, 781 F.2d at 163.

U.S. Bankruptcy Court - Hawaii   #13-00138   Dkt # 101   Filed 03/05/14   Page 6 of 7

**B.     Irreparable Harm**

The debtor has not presented any evidence on this prong. If U.S. Bank commences a foreclosure action, the debtor has exactly the same right to defend that action (or to cure his default) that he would have had if the stay had not been lifted.

**C.     Balance of the Equities**

The balance of the equities weighs in U.S. Bank's favor. The bank is entitled to enforce the note and seek foreclosure. The debtor's arguments are relevant to the merits of a foreclosure action, but not to whether I should grant relief from the automatic stay.

**D.     Public Interest**

The debtor has not presented any evidence that a stay pending appeal would be in the public interest.

Accordingly, the motion is DENIED.

**END OF MEMORANDUM**